**Ana Elizabeth HERRERA–PARRA; Ana Josefa Herrera, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70664.

I & NS Nos. A70–435–141 A70–435–142.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001 *.

Decided March 14, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM **

We have jurisdiction under 8 U.S.C. § 1105a(a) (1996), as amended.[1] We deny the petition for review.

There is no evidence that the guerrillas singled out the petitioners' family because of their claimed political neu-

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because deportation proceedings were initiated against petitioners prior to April 1, 1997, and the order of deportation issued after October 31, 1996, the jurisdiction of this court arises under 8 U.S.C. § 1105a(a), as modified by the transitional rules for judicial review set forth in § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

trality.[2] In fact, when asked why the guerrillas would do anything against the petitioners' family members, the petitioners testified that it was "[b]ecause ... they [the guerrillas] needed extra people."

The evidence in the record does not "compel[ ] the conclusion that" the petitioners suffered past persecution, or that they have a well-founded fear of future persecution, *"because of"* their political neutrality.[3] Thus, the Board of Immigration Appeals' denial of asylum must stand.[4]

Petition for review DENIED.

2. Because a family does not qualify as a "social group" under 8 U.S.C. § 1101(a)(42)(A), *Estrada–Posadas v. INS*, 924 F.2d 916, 919 (9th Cir.1991), we reject the petitioners' claim of persecution on account of membership in the "social group" of their family.

3. *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)(emphasis added).

4. Because the petitioners failed to meet the lesser standard of proof required to establish eligibility for asylum, they necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

